UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEE E. SENSENBAUGH,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-389

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; (3) DECLINING TO REACH THE MERITS OF PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND; AND (4) TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 11. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), the administrative record (doc. 7),[1] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of August 5, 2011. PageID 231-37.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff claims disability as a result of a number of impairments including, *inter alia*, an affective disorder, an anxiety disorder, and a personality disorder.  PageID 114.

After initial denials of her application, Plaintiff received a hearing before ALJ Irma Flottman on January 16, 2013, where Plaintiff appeared *pro se*.[2]  PageID 130-57.  The ALJ issued a written decision on May 30, 2013 finding Plaintiff not disabled.  PageID 112-22.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since August 5, 2011, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: affective disorder, anxiety disorder, and personality disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following nonexertional limitations: work limited to simple to moderately complex tasks; work in a low stress job[], defined as only occasional changes in the work setting with changes explained; work with no strict production quotas or fast pace[d] work; no interaction with the public; and only occasional interaction with coworkers.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date  (20 CFR 404.1563).

---

[2] ALJ Flottman informed Plaintiff of her right to have a representative at the hearing, and Plaintiff elected to proceed without counsel.  PageID 130-31.  Plaintiff proceeds here, on the other hand, with the assistance of counsel.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 5, 2011, through the date of this decision (20 CFR 404.1520(g)).

PageID 114-21.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-50. Plaintiff -- proceeding with counsel, *see supra* note 2 -- then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

In her decision, the ALJ summarized the relevant medical evidence in this case. PageID 114-20. Plaintiff, in her Statement of Errors, sets forth a detailed recitation of the record evidence. Doc. 9 at PageID 404-10. The Commissioner's response to Plaintiff's Statement of Errors offers no objections to Plaintiff's summary. Doc. 10 at PageID 421. Accordingly, except as otherwise noted, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.  "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred by improperly evaluating the medical opinion evidence. Doc. 9 at PageID 411-14. In addition, Plaintiff argues that new and material evidence exists warranting remand pursuant to the sixth sentence of 42 U.S.C. § 405(g); namely, an opinion offered by her treating psychiatrist, Otto Dueno, M.D. on June 27,

2013, *i.e.,* several weeks after the ALJ issued her decision. *Id*. at PageID 414-17; PageID 101-05.

A. **Medical Opinion Evidence**

Plaintiff first argues the ALJ erred in discounting the weight accorded to examining psychologist Regina McKinney, Psy.D.'s opinion and relying, instead, on opinions from record-reviewing psychologists Robelyn Marlow, Ph.D. and Irma Johnston, Psy.D. Doc. 9 at PageID 411-14. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). Under the framework set forth in 20 C.F.R. § 404.1527, the opinion of an examining source generally "is to be given . . . more weight than a non-examining source." *Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 463 (6th Cir. 2012).

Unless the opinion of a treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [the 20 C.F.R. § 404.1527(c)] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999). These factors include: the length of treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion, consistency of the opinion with the record as a whole; and any specialization of the medical

source. 20 C.F.R. § 404.1527(c). The ALJ's explanation in this regard must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009).

Shortly after the administrative hearing, on February 12, 2013, Plaintiff was evaluated by Dr. McKinney. PageID 390-400. Dr. McKinney diagnosed Plaintiff with major depressive disorder, panic disorder with agoraphobia, and generalized anxiety disorder; assigned a Global Assessment of Functioning[3] score of 50; and opined, *inter alia*, that Plaintiff is "markedly"[4] impaired in most work-related mental activities. *Id.* The ALJ considered Dr. McKinney's post-hearing opinion but assigned that opinion "only some weight" because "it is based primarily on the claimant's subjective complaints[,]" and such complaints, as well as "Dr. McKinney's assessment, are not consistent with the treatment notes as a whole, which show mostly mild to moderate symptoms with treatment." PageID 119. Instead, the ALJ "essentially adopted" the opinions of record-reviewers Marlow and Johnston -- that although Plaintiff is "markedly" limited in her ability to interact appropriately with the general public, she is otherwise no more

---

[3] GAF is a tool used by health-care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin*, No. 3:13cv257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity . . . and questionable psychometrics in routine practice"). As set forth in the DSM-IV, however, a GAF score of 41-50 indicates "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." DSM-IV at 34. A GAF score of 51-60 is indicative of "[m]oderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)." *Id.*

[4] "Moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), whereas "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C), *et seq.*

than "moderately" limited in regards to work-related mental activities.  PageID 119, 165-67, 176-78.

The Court agrees that the ALJ erred by so finding.  The ALJ discounted Dr. McKinney's opinion because it is allegedly inconsistent with treatment notes and based on Plaintiff's subjective complaints.  PageID 119.  However, neither reason is supported by the record.  First, regarding the basis of Dr. McKinney's opinion, the Sixth Circuit has "acknowledged the difficulty inherent in proving psychological disabilities."  *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014).  "[W]hen mental [impairments are] the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field[.]"  *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)).  Here, Dr. McKinney, a clinical psychologist, conducted a mental status exam and found that Plaintiff, *inter alia*, "appeared depressed," "presented with a flat affect," and possessed "not strong" memory skills because "she could only recall 4 digits forward and 3 digits backward."  PageID 393-94.  These findings, contrary to the ALJ's conclusion, are based upon Dr. McKinney's personal observations, not Plaintiff's subjective complaints.  *Id.*  Further, Dr. McKinney identified her sources of data as including not only the clinical interview with Plaintiff, but also a 2011 psychiatric evaluation, a 2012 progress note, and a 2013 treatment letter from Plaintiff's treating psychiatrist, Dr. Dueno.  PageID 390.

Second, in finding Dr. McKinney's opinion inconsistent with treatment notes, the ALJ minimized or ignored abnormal mental status exam findings throughout 2011 and 2012 -- including anxious mood, depressive symptoms, irritability, and flat or blunted affect -- as well as Plaintiff's consistent self-reports of, *inter alia*, mood swings, panic attacks, racing thoughts, feelings of worthlessness, and "avoidance of situations which cause marked anxiety/panic."  *See,*

*e.g.,* PageID 335, 337, 361, 363, 378, 380, 384. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Daniel v. Comm'r of Soc. Sec.*, No. 3:14-cv-51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015).

Accordingly, the Court finds the ALJ's analysis of Dr. McKinney's opinion unsupported by substantial evidence, and reverses the non-disability finding.

### B.    Sentence Six Remand

Finding remand warranted under the fourth sentence of 42 U.S.C. § 405(g), *see supra*, the undersigned makes no finding regarding Plaintiff's contention that this case should be remanded under Sentence Six. On remand pursuant to Sentence Four, the ALJ should consider Dr. Dueno's June 27, 2013 opinion and weigh it under the applicable regulations. *See Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) (holding that an ALJ may consider new evidence in a Sentence Four remand).

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher* 17 F.3d at 176; *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, evidence of disability is not overwhelming in light of differing medical opinion evidence.  *See* PageID 165-67, 176-78, 390-400.  Accordingly, the Court concludes that a remand for further proceedings is necessary for the ALJ to fully assess and meaningfully explain the weight accorded all medical opinion evidence of record, including Dr. Dueno's 2013 opinion.

**V.**

For the foregoing reasons, (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED**.

Date:  February 17, 2016                              *s/ Michael J. Newman*
                                                     Michael J. Newman
                                                     United States Magistrate Judge